ROBINSON, Appellant, v. VAIL et al., Respondents.

No. 999; December 17, 1866.

**Husband and Wife.**—In the Trial of an Action to Set Aside a **Deed** by plaintiff to a married woman on the ground that a mortgage and note for an unpaid balance of the purchase money was not joined in by the husband, and that at the time of the sale both husband and wife had represented that she was a sole trader with full power to contract in her individual name, the plaintiff rests prematurely if proving only thus far, not proving a repudiation of the instruments by the maker or a claim by either her or her husband that she was not a sole trader.

APPEAL from Second Judicial District, Tehama County.

R. T. Sprague and Cope, Dangerfield & Hambleton for appellant; W. Earll and E. Garke for respondents.

SHAFTER, J.—This is an action to set aside and annul a deed executed by the plaintiff to E. M. C. Vail, wife of G. C. S. Vail, of an undivided half of certain hotel property situate in the county of Shasta. The relief was asked for on the ground of fraud, and on the ground also that the deed was void for want of consideration. The defendants answered separately, each denying all the allegations of the complaint. The case was tried by the court and the plaintiff was nonsuited. One of the grounds of nonsuit given in the written opinion of the court is that there was no evidence tending to prove the fraud alleged in the complaint. The appeal is from the judgment.

The testimony of the plaintiff tended to prove that G. C. S. Vail and E. M. C. Vail were husband and wife, and that on the 30th of June, 1860, the plaintiff and Mrs. Vail entered into a written contract whereby he bound himself to convey to her his interest in the hotel and furniture for the sum of ten thousand dollars, payment to be made in part by a transfer of certain cattle belonging to Mrs. Vail, and the balance of the purchase money was to be secured by her promissory notes secured by mortgage on the property. The evidence further tended to prove that both Vail and his wife represented to the plaintiff "that she was a sole trader, and was fully authorized and competent to make and enter into contracts in her individual name"; and "that these representations could not have been made stronger than they made them." The evidence further tended to show that the plaintiff entered into the contract of sale believing these representations to be true, and in consequence of this belief. It further appeared that the plaintiff executed a deed and bill of sale to Mrs. Vail on the 1st of October, 1860, in pursuance of the contract, and that she at the same time delivered cattle to the plaintiff of the agreed value of two thousand four hundred and ninety-eight dollars, and executed her note to him for seven thousand five hundred and two dollars—balance of purchase money—secured by her mortgage on the estate purchased. Neither the note

nor mortgage was signed by the husband, and the acknowledgment of the wife to the mortgage was that of a person sui juris. There was no evidence, however, that Mrs. Vail was not a sole trader in fact, nor was there any that she had repudiated the notes or the mortgage given to secure them. The attention of the appellant's counsel was called to this failure of proof in the brief filed for the respondents, but the brief in reply contains no allusion to the matter, and on looking diligently through the record we can find no evidence contravening Mrs. Vail's assertion made at the date of the sale that she was a sole trader and fully authorized as such to make contracts in her own name. It is obvious that the plaintiff rested his case prematurely at the trial.

The other errors complained of, should they be admitted to be such, could not have prejudiced the plaintiff, for they are all foreign to the ground upon which the judgment of nonsuit was rendered and could in no manner have contributed to it.

Judgment affirmed.

We concur: Sawyer, J.; Sanderson, J.; Rhodes, J.; Currey, C. J.